JAP:SCF

**M10-1496**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

LINCOLN BARNES,

              Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      DANIEL REED, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about December 19, 2010, within the Eastern District of New York and elsewhere, defendant LINCOLN BARNES did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

    [1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. At approximately 2:45 p.m. on December 19, 2010, defendant LINCOLN BARNES arrived at John F. Kennedy International Airport in Queens, New York, aboard Air Jamaica Flight No. 15 from Kingston, Jamaica.

2. Customs Inspectors approached defendant LINCOLN BARNES for a Customs inspection. During that inspection, defendant BARNES stated that the purpose of his travel to the United States was to visit his niece, and that he would be staying with her for two weeks. However, when BARNES was asked to provide his niece's name and address, BARNES responded by stating that his niece was not aware of his arrival, and that he did not know her phone number.

3. After this initial questioning, Customs Inspectors conducted a examination of the suitcase BARNES was carrying. During that examination, BARNES became uneasy and demonstrably nervous. It was also determined by Customs Inspectors that BARNES was traveling on a last-minute ticket, and that BARNES had made multiple, short trips to the United States over the past year. Defendant BARNES then changed his story concerning his reason for traveling to New York, stating that he was visiting a friend in Philadelphia.

4. Customs Inspectors at this point considered BARNES a possible internal narcotics courier, and provided BARNES with a x-ray consent form, which was read to the defendant. BARNES

3

appeared to understand the contents of the form, and he voluntarily signed it. BARNES was then transported to the medical facility at John F. Kennedy International Airport for an x-ray examination of his intestinal tract. The x-ray was positive for the presence of foreign bodies.

5. At 3:15 p.m., BARNES passed two pellets, one of which was probed and tested positive for the presence of cocaine. In response to subsequent questioning, defendant BARNES voluntarily admitted to ingesting narcotics.

6. Defendant LINCOLN BARNES will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that the defendant LINCOLN BARNES be dealt with according to law.

DANIEL REED
Special Agent
Homeland Security Investigations

Sworn to before me this
20th day of December, 2010

UNITED ST
EASTERN D    s/ Levy